IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND ANTONIO MCMILLON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3501 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER ON DISMISSAL

Petitioner Raymond Antonio McMillon, currently confined in the Bradshaw State Jail in Henderson, Rusk County, Texas, proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2003 state conviction. Because petitioner is no longer in custody pursuant to this judgment, the Court lacks jurisdiction to consider this habeas action, and the petition will be dismissed.

## Background

Petitioner alleges that in January of 2003, he pleaded guilty to possession of a controlled substance in the 263rd Judicial District Court of Harris County, Texas, and was sentenced to one year and four months confinement. He states that he filed an application for state habeas relief in March of 2003, but completed his sentence and was released long before the petition was denied in October of 2006. He argues that because of this delay, he was denied his due process right to pursue state habeas relief and should be exempted from the exhaustion doctrine. He raises several challenges to the validity of the 2003 conviction.

**Analysis**

Federal district courts do not have jurisdiction to certain section 2254 actions if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence which the petition attacks. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. *Hendrix*, 888 F.2d at 491.

In this case, petitioner reports that he completed his sixteen-month sentence for the 2003 state conviction in 2004. He further states that he pleaded guilty to a subsequent drug charge with a six-month sentence and served that sentence from August of 2004 to February of 2005 in Harris County, Texas. Because petitioner was not in custody for the 2003 drug conviction at the time he filed this petition, he cannot bring this federal habeas action directed solely at that conviction. An inmate will not be found to be "in custody" where, as here, he suffers no present restraint from the challenged conviction. *Maleng v. Cook,* 490 U.S. 488, 492 (1989).

**Conclusion**

Accordingly, this habeas petition is **DISMISSED** for lack of jurisdiction. As petitioner does not make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on November 13, 2006.

_____
Gray H. Miller
United States District Judge